**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

| | |
|---|---|
| JAMES E. WATKINS | CASE NO. 07-51692 |
| DIANA L. WATKINS | CASE NO. 09-52455 |
| DEBTOR(S) | |
| J. JAMES ROGAN, TRUSTEE | PLAINTIFF |
| VS. | ADV. NO. 10-5009 |
| | ADV. NO. 10-5001 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of May 1, 2006, MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3 Mortgage Pass-Through Certificates, Series 2006-3, et al. | DEFENDANTS |

**MEMORANDUM OPINION**

The issue before the Court on cross-motions for summary judgment is whether the Trustee, as a hypothetical judicial lien creditor pursuant to 11 U.S.C. § 544, has priority over the interest of the Defendant Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement dated as of May 1, 2006, Morgan Stanley Home Equity Loan Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3 ("Deutsche Bank") in the Debtors' real estate encumbered by a Mortgage properly recorded at the time of the filing of the petition. Because the Trustee does not contest that the Mortgage held by Deutsche Bank has been timely and properly recorded, the Trustee may not avoid Deutsche Bank's Mortgage.

**Factual and Procedural Background**

The undisputed facts are as follows. On December 8, 2005, the Debtors James Watkins and Diana Watkins executed a Note and Mortgage in favor of Wilmington Finance, a division of AIG Federal Savings Bank, on the Debtors' real property located in at 730 Kentucky Highway 1771,

Cynthiana, Harrison County, Kentucky 41031. The Mortgage was properly recorded with the Harrison County Clerk on December 19, 2005. The Mortgage, prepared by Wilmington Finance, identifies Wilmington Finance as the "Lender" and Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee "solely as nominee for Lender and Lender's successors and assigns." The Mortgage states that as a security instrument, it secures to the Lender

> (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property...

Quinteta McNeill, a research specialist with Barclay's Capital Real Estate Inc., d/b/a HomEq Servicing ("HomEq"), the duly appointed and authorized loan servicer for Deutsche Bank, testified by affidavit that the Note and Mortgage were transferred from Wilmington Finance to Deutsche Bank on or about December 8, 2005. Ms. McNeill states that the original Note contains an allonge demonstrating the transfer of the negotiable instrument from Wilmington Finance to Deutsche Bank. The allonge is dated December 8, 2005 and is indorsed specifically to Deutsche Bank. According to Ms. McNeill, Deutsche Bank took possession of the original Note and Mortgage on or about January 14, 2006 and is the current holder and owner of the Note and Mortgage. The assignment to Deutsche Bank was memorialized for the public record by the filing of two separate Mortgage assignments with the Harrison County Clerk on December 16, 2008 and October 21, 2009.

On August 31, 2007, James Watkins and Diana Watkins filed for joint Chapter 13 bankruptcy. The matter was assigned Case No. 07-51692. Schedule D of the joint petition lists one secured creditor - "Home Q [sic]" - with a mortgage on the Harrison County residence.

On October 29, 2007, HomEq filed a Proof of Claim for the mortgage debt serviced by HomEq in the name of MERS. The Proof of Claim included copies of the Note and Mortgage as exhibits. The copy of the Note attached did not contain an allonge and was not indorsed. The copy

of the Mortgage attached did not contain an assignment of the Mortgage. No objections were filed to the Proof of Claim.

On April 15, 2009, Deutsche Bank filed a Motion for Relief from Stay. The Motion for Relief from Stay referenced exhibits including the filed Proof of Claim, Note, and recorded Mortgage. The exhibit to the Motion did not contain the allonge to the Note or an assignment for the Mortgage. The Debtors filed an objection to the Motion admitting that they failed to pay two post-petition payments to Deutsche Bank and requesting additional time to cure the delinquency. They did not raise any issue regarding Deutsche Bank's standing or its entitlement to payment. By an Agreed Order entered on May 11, 2009, the stay was terminated and the Chapter 13 Trustee discontinued payments to Deutsche Bank based on the Debtors' intent to surrender the property.

On July 31, 2009, the Court granted a motion by Diana Watkins to bifurcate the case. Diana Watkins' case was assigned case number 09-52455. On August 18, 2009, Diana Watkins converted her Chapter 13 case to a Chapter 7. J. James Rogan was appointed as the Chapter 7 Trustee. A day later, James Watkins likewise converted his Chapter 13 case to a Chapter 7. Mr. Rogan was appointed as Trustee in that matter as well.

On September 4, 2009, Deutsche Bank filed a Motion in Diana Watkins' Chapter 7 case seeking an order directing the Trustee to abandon the real estate of the Debtor in order for Deutsche Bank to enforce its lien. The Motion contained exhibits including the filed Proof of Claim, Note, and Mortgage, but did not include the allonge or the assignment.[1] The Trustee objected to the Motion by challenging Deutsche Bank's standing to bring the Motion and its entitlement to payment under the Note based upon a lack of documentation, including the allonge and Mortgage assignment. The Motion was resolved by Agreed Order allowing the Trustee 90 days to file an

---

[1]The Proof of Claim was later amended on July 29, 2010, to change the name of the creditor entitled to payment from MERS to Deutsche Bank and to include a copy of the allonge, indorsement, and assignment.

3

adversary complaint or abandonment would be granted.

The Trustee timely filed substantively identical adversary proceedings in each of the Debtors' Chapter 7 bankruptcies. In each, the Trustee alleged that his status as a hypothetical judicial lien creditor gave him priority over the interests of the Defendants Wilmington Finance, HomEq, MERS, and Deutsche Bank because the underlying Note and Mortgage were defective. In particular, the Trustee alleged (1) the filing of a copy of the Note with no indorsement or allonge attached to the proof of claim or Motion for Relief from Stay is a judicial admission that the Note was not indorsed to Deutsche Bank; (2) Deutsche Bank cannot enforce payment of a note payable to Wilmington Finance without an indorsement or permanently affixed allonge; and (3) the Mortgage is void because Wilmington Finance, the lender named in the Note and Mortgage, did not appoint MERS to act as its nominee. The adversary proceedings were consolidated on April 13, 2010.

A default judgment was entered against Wilmington Finance on August 12, 2010. Deutsche Bank, MERS, and HomEq filed a joint answer asserting that the Trustee cannot avoid its secured mortgage lien pursuant to the strong arm power appointed to him by 11 U.S.C. § 544(a) because the mortgage was properly recorded at the time the bankruptcy petition was filed. These Defendants also defended on the grounds that MERS is the appointed nominee for Wilmington Finance and Deutsche Bank is entitled to enforce the Note because it is in possession of the original Note with an allonge indorsed specifically to Deutsche Bank.

The parties have filed cross-motions for summary judgment. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## Discussion

**A.     11 U.S.C. § 544**

The Trustee cannot assert his strong arm powers to avoid a timely and properly recorded mortgage document. *See Rogan v. MILA, Inc. (In re Allen)*, Case No. 09-5007, 2010 WL 3168094 (Bankr. E.D. Ky. August 11, 2010). As stated succinctly in *In re Allen*,

> What the Plaintiff cannot get passed...is that his "judicial lien" is inferior to the Defendants' perfected lien. To prevail, the Trustee must be able to establish that a judicial lien creditor could assert a superior lien on the date of the bankruptcy filing – in this regard, a Trustee's powers are limited by section 544(a)(1) – if a judicial lienholder cannot avoid the mortgage, the Trustee has no other power to prevent the mortgagee from foreclosing on its properly perfected mortgage.

The same is true here. The Trustee does not dispute that the Mortgage was properly recorded. The Trustee's hypothetical judicial lien is therefore inferior to Deutsche Bank's properly perfected security interest.

**B.    Judicial Admission**

The Trustee's remaining arguments attacking the Note and Mortgage are not new to this Court. The Trustee argues that the failure to include the allonge and indorsement in the filing of the proof of claim and Motion for Relief from Stay is a judicial admission that the Note is not indorsed to Deutsche Bank. Deutsche Bank has countered this assertion with affidavit testimony and an allonge indorsed specifically to Deutsche Bank, as well as representations by the Debtors that Deutsche Bank is the holder of the note. The Court found this "judicial admission" argument unpersuasive when the Trustee raised it in *Rogan v. Citimortgage, Inc. (In re Jessup)*, No. 09-5229, 2010 WL 2926050 at *4 (Bankr. E.D. Ky. July 22, 2010) and believes it to be similarly unpersuasive in this situation as well.

Judicial admissions are unequivocal statements of fact which require evidentiary proof. *See In re LRP Mushrooms, Inc.*, 2010 WL 2772510, *10 (Bankr. E.D. Pa. July 13, 2010). While statements of fact made in a Proof of Claim can be judicial admissions, *see, e.g., In re Jordan*, 403 B.R. 339, 352 (Bankr. W.D. Pa. 2009), the Trustee here argues that the *absence* of documents to support a proof of claim should constitute a judicial admission that such

5

documents do not exist. The Trustee cites no authority for the proposition. The omission of documents from Deutsche Bank's Proof of Claim cannot overcome the undisputed facts set forth in Quinteta McNeill's affidavit.

**C.    MERS as Nominee**

The Trustee has also previously attacked the appointment of MERS as nominee. *Id.* at *3. The Court held in *In re Jessup* that the language in the Lender's own instrument is sufficient to identify MERS as nominee and no further extrinsic evidence to validate the terms of the mortgage is necessary. *Id.* The Mortgage at issue here was prepared by Wilmington Finance. It specifically names MERS as mortgagee "solely as nominee for Lender and Lender's successors and assigns." This is sufficient to identify MERS as nominee.[2]

Further, the Trustee's reliance on *Cohen v. Kallock (In re JRA 222, Inc.)*, 365 B.R. 508 (Bankr. E.D. Pa. 2007) to support his argument that the default judgment entered against Wilmington Finance, the original Lender on the Note, is an admission that Wilmington Finance did not appoint MERS as its nominee is misplaced. The general effect of a default judgment is to deem the factual allegations contained in the complaint as admitted *by the defaulting party*. *In re JRA 222, Inc.*, 365 B.R. at 513 (emphasis added). This does not apply to those parties not in default.

**D.    Enforcement of Note**

Finally, the Trustee argues that Deutsche Bank is not entitled to enforce the Note. In Kentucky, "a person entitled to enforce" an instrument means "the holder of the instrument." K.R.S. § 355.3-301 (2010). "Holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

---

[2]Deutsche Bank has also produced a corporate resolution dated January 24, 2005 in which MERS appoints certain employees of Wilmington Finance, Inc., a member of MERS, as assistant secretaries and vice presidents of MERS as further proof of MERS appointment as nominee.

K.R.S. § 355.1-201(u)(1) (2010).  As the holder of a Note indorsed specifically to Deutsche Bank, Deutsche Bank is entitled to enforce the Note.

### Conclusion

Federal Rule of Civil Procedure 56(c)(2), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The Trustee does not dispute that the Mortgage was properly recorded prior to the filing of the bankruptcy. Deutsche Bank has produced evidence sufficient to show that it is entitled to enforce the Note and the Trustee has failed to contradict this evidence.  There being no genuine issue of material fact, the Defendants' are entitled to summary judgment as a matter of law.

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law.  A separate order shall be entered accordingly.

Copies to:

Holly Wolf, Esq.

J. James Rogan, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Tuesday, November 23, 2010
(tnw)**